# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS J. SATTERFIELD,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>J.D. HARTLEY,<br><br>　　　　Respondent.<br>_____/ | 1:10-cv-01468-DLB (HC)<br><br>ORDER DISMISSING PETITION WITH LEAVE TO AMEND, DIRECTING CLERK OF COURT TO SEND PETITIONER A BLANK SECTION 2254 FORM PETITION, AND WITHIN THIRTY DAYS FROM THE DATE OF SERVICE OF THIS ORDER PETITIONER SHALL SUBMIT AN AMENDED PETITION<br><br>[Doc. 1] |

　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　Petitioner filed the instant petition for writ of habeas corpus on August 16, 2010.

## DISCUSSION

　　Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases; <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir.1990).  Otherwise, the Court will order Respondent to respond to the petition.  Rule 5 of the Rules Governing § 2254 Cases.

I.　　<u>Challenges Under State Law</u>

　　Petitioner contends that the Board of Parole failed to release him after setting his primary term in accordance with the California Penal Code.  Petitioner claims the Board of Parole has

1  misinterpreted the applicable statutes.

2  Habeas corpus relief is not available to correct alleged errors in the state court's
3  application or interpretation of state law. Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475,
4  480 (1991); Middleton v. Cupp, 768 F.2d 1083, 1084-85 (9th Cir.1985). Indeed, federal courts
5  are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d
6  1395, 1399 (9th Cir. 1989). Further, "the availability of a claim under state law does not of itself
7  establish that a claim was available under the United States Constitution." Sawyer v. Smith, 497
8  U.S. 227, 239 (1990), quoting Dugger v. Adams, 489 U.S. 401, 409 (1989).

9  Petitioner's challenges that the Board of Parole failed to abide by or properly apply
10 California law are not cognizable by way of habeas corpus review and must be dismissed.

11 II.     Failure to State Cognizable Claim

12 It appears that Petitioner is attempting to challenge a decision by the Board of Parole
13 Hearings; however, Petitioner did not provide the factual basis to support the claim, such as the
14 date of the hearing, the decision reached at the hearing, and how or why his constitutional rights
15 were violated. Without such information, the Court cannot determine whether Petitioner has
16 presented a valid claim for relief. Accordingly, the Court will direct Petitioner to amend the
17 petition.

18 III.    Exhaustion of State Court Remedies

19 A petitioner who is in state custody and wishes to collaterally challenge his conviction by
20 a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).
21 The exhaustion doctrine is based on comity to the state court and gives the state court the initial
22 opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501
23 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158,
24 1163 (9th Cir. 1988).

25 A petitioner can satisfy the exhaustion requirement by providing the highest state court
26 with a full and fair opportunity to consider each claim before presenting it to the federal court.
27 Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971);
28 Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest

state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. <u>Duncan</u>, 513 U.S. at 365 (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir.1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir.1998). In <u>Duncan</u>, the United States Supreme Court reiterated the rule as follows:

> In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

<u>Duncan</u>, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in <u>Duncan</u>, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>, 195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Because it is unclear what, if any, claims presented in the instant federal petition for writ of habeas corpus were exhausted in the state's highest court, Petitioner will be ordered to show cause regarding exhaustion. If possible, Petitioner should present to the Court documentary

3

evidence that the claims were indeed presented to the California Supreme Court.[1]

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is dismissed with leave to amend;
2. The Clerk of Court shall send Petitioner a blank section 2254 form petition;
3. Within thirty (30) days from the date of service of this order, Petitioner shall submit an amended petition in compliance with this order; and
4. The failure to file an amended petition will result in a recommendation that the action be dismissed.  Local Rule 110.

IT IS SO ORDERED.

Dated:   **September 8, 2010**                              /s/ Dennis L. Beck
                                                                     UNITED STATES MAGISTRATE JUDGE

---

[1] A copy of the California Supreme Court's denial <u>alone</u> is insufficient to demonstrate exhaustion.  The proper documentation to provide would be a copy of the Petition *filed* in the California Supreme Court that includes the claim now presented and a file stamp showing that it was indeed filed in that Court.

4