# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS J. SATTERFIELD,<br><br>          Petitioner,<br><br>   v.<br><br>J.D. HARTLEY,<br><br>          Respondent.<br>_____/ | 1:10-cv-01468-OWW-DLB (HC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>[Doc. 4] |

     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

     In September 9, 2010, the Court dismissed the instant petition for writ of habeas corpus with leave to amend. The Court warned Petitioner that "[t]he failure to file an amended petition will result in a recommendation that the action be dismissed. Local Rule 110." Petitioner has failed to respond to the Court's order.

     Local Rule 110 provides that a "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.

1  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with
2  local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to
3  comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833
4  F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order).

5      In determining whether to dismiss an action for lack of prosecution, the Court must
6  consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the
7  Court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public
8  policy favoring disposition of cases on their merits; and, (5) the availability of less drastic
9  alternatives.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856
10 F.2d 1439 (9th Cir. 1988).  The Court finds that the public's interest in expeditiously resolving
11 this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this
12 case has been pending since August 8, 2003.  The Court cannot hold this case in abeyance
13 indefinitely awaiting compliance by Petitioner.  The third factor, risk of prejudice to
14 Respondents, also weighs in favor of dismissal, since a presumption of injury arises from the
15 occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522,
16 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their
17 merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally,
18 given Petitioner's noncompliance with the Court's order, no lesser sanction is feasible.

19      Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for
20 Petitioner's failure to prosecute.  This Findings and Recommendation is submitted to the assigned
21 United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B)
22 and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District
23 of California.  Within thirty (30) days after being served with a copy, any party may file written
24 objections with the court and serve a copy on all parties.  Such a document should be captioned
25 "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections
26 shall be served and filed within fourteen (14) days after service of the objections.  The Court will
27 then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are
28 advised that failure to file objections within the specified time may waive the right to appeal the

District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    **Dated:   October 20, 2010**                    /s/ **Dennis L. Beck**
                                                                  UNITED STATES MAGISTRATE JUDGE