# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS J. SATTERFIELD,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>J.D. HARTLEY,<br><br>　　　　　Respondent.　　　　　　／ | 1:10-cv-01468-OWW-DLB (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING AMENDED PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 9] |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　Now pending before the Court is Petitioner's amended petition for writ of habeas corpus filed on October 25, 2010. For the reasons discussed below, the amended petition for writ of habeas corpus should be dismissed for failure to state a cognizable federal claim.

## DISCUSSION

　　　　Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petition is not entitled to relief." Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). "A federal court may not issue a writ on the basis of a perceived error of state law." Pulley v. Harris,

465 U.S. 37, 41 (1984); Watts v. Bonneville, 879 F.2d 685, 687 (9th Cir. 1989) (alleged violation of state sentencing statute).  A state law claim may not be transformed into a federal one by merely alleging a due process violation.  Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).

Petitioner contends that the California Department of Corrections and Rehabilitations failure to release him after serving his fixed term of incarceration is in violation of California's statutory law to which he has a protected liberty interest.  Petitioner also claims that the failure to released on parole after serving his minimum eligible release date (MEPD) has resulted in cruel and unusual punishment.

As an initial matter, the Court takes judicial notice of another pending case filed by Petitioner in this Court in case number 1:10-cv-01195-LJO-DLB (HC), Satterfield v. Hartley.  In that case, Petitioner challenges a November 12, 2007-Rule Violation Report for mutual combat and resulting loss of credit.[1]  Respondent has filed a motion to dismiss the petition claiming success on Petitioner's claims would not necessarily impact the duration of his sentence.  The motion is not yet ripe for review.

First, Petitioner's fails to allege a violation of the United States Constitution and alleges only a violation of California law.  Although Petitioner alleges a due process violation based on an alleged liberty interest in being released after serving his MEPD, merely placing a due process label on an otherwise state law claim is not sufficient.  Second, regardless of Petitioner's MEPD, he cannot be released until the Board of Parole Hearings finds him suitable for parole.  On April 4, 2007, the Board found Petitioner unsuitable for release. (See 1:10-cv-01195-LJO DLB HC, Ex. C, to Motion, excerpts of Initial Parole Consideration Hearing.)  Therefore, the amended petition for writ of habeas corpus does not allege a federal constitutional violation and should be dismissed.

///

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, this Court may take judicial notice of filings in another case.  See Biggs v. Terhune, 334 F.3d 910, 916 n.3 (9th Cir. 2003) (materials from a proceeding in another tribunal are appropriate for judicial notice); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that a court may take judicial notice of "matters of public record"); United States v. Camp, 723 F.2d 74`, 744 n.1 (9th Cir. 1984) (citing examples of judicially noticed public records).

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DISMISSED; and

2. The Clerk of Court be directed to terminate this action.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 8, 2010**              /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE